**KELVIN CRYOSYSTEMS, INC.**

v.

**LIGHTNIN, A Division of SPX Corporation, Defendant/Third–Party Plaintiff**

v.

**Jose P. Arencibia, Jr., Third–Party Defendant**

Kelvin Cryosystems, Inc. and Joseph P. Arencibia, Jr., Appellants.

No. 05–4880.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Oct. 22, 2007.

Filed Oct. 29, 2007.

Erv D. McLain, McLain Law Offices, Bethlehem, PA, for Appellants.

Samuel W. Silver, Schnader Harrison Segal & Lewis, Philadelphia, PA, Bernard H. Masters, Suzanne B. Campbell, Andrews & Kurth, Dallas, TX, for Defendant/Third–Party Plaintiff.

Before: SLOVITER, CHAGARES and HARDIMAN, Circuit Judges.

## OPINION

SLOVITER, Circuit Judge.

Before us is the appeal of Kelvin Cryosystems, Inc. ("Kelvin") and Jose P. Arencibia, Jr., Kelvin's owner, vice-president, and chief technology officer, from (1) the District Court's order granting, in part, defendant Lightnin's motion for summary judgment and (2) the District Court's entry of judgment, after a bench trial, in favor of Lightnin in the amount of $177,115 against Kelvin and $100,100 against Arencibia.

## I.

On January 11, 2001, Kelvin contracted to purchase an industrial mixer from Lightnin for a system Kelvin was providing to Avecia, Ltd., a pharmaceutical manufacturer located in Scotland. Although Lightnin delivered the mixer, Kelvin refused to make payment, alleging that the mixer was not properly certified according to applicable European standards. Kelvin then issued an invoice to Lightnin seeking a $168,914 payment for its "cure" of Lightnin's alleged breach of contract. When Lightnin refused to concede or pay for the alleged breach, Kelvin sued Lightnin in Pennsylvania state court for breach of contract.

On February 13, 2003, Lightnin removed the action to federal court and filed a counterclaim against Kelvin for quantum meruit and breach of contract. Over the next year and a half, Kelvin failed to meet a series of deadlines established by court order and the Federal Rules of Civil Procedure.

For instance, Kelvin was ordered four times over the course of six months to produce documents relevant to its damages claim against Lightnin and to comply with its Rule 26 discovery obligations. Eventually, the District Court granted Lightnin's unopposed motion to preclude Kelvin's presentation of evidence not produced during discovery. Moreover, the District Court denied as untimely Kelvin's motion to preclude certain of Lightnin's evidence as a result of conduct occurring months earlier, "prior to or just after the discovery deadline." Supp. App. at 125. In that order, the District Court emphasized Kelvin's history of failure to abide by deadlines despite the District Court's warning that future untimeliness could result in waiver or sanctions.

In addition, after Lightnin moved for leave to amend its answer and counterclaim, Kelvin served (but did not file) an untimely response to the motion. When that motion was granted, Lightnin amended its counterclaim to allege fraud by Kelvin and file a third party claim against Arencibia alleging the same. Arencibia counterclaimed against Lightnin, but that claim was dismissed when Arencibia failed to oppose Lightnin's motion to dismiss.

Most pertinent to this appeal are Lightnin's requests for admissions and motions for summary judgment. On June 26, 2003, Lightnin served Kelvin with its first request for admissions. Kelvin responded to

that request sixty-nine days after it was served and thirty-nine days after it was due under Rule 36(a). Finding that Kelvin did not show good cause for its delay, the District Court granted Lightnin's motion to deem its requests admitted and denied Kelvin's motion to allow untimely answers to the request for admissions.

Lightnin filed a first motion for summary judgment on October 30, 2003. Kelvin filed a tardy response to that motion, but the District Court denied as moot Lightnin's request to strike that untimely response when it dismissed the summary judgment motion without prejudice.

On April 23, 2004, Lightnin served a second set of requests for admissions, this time on both Kelvin and Arencibia. These later requests for admissions expanded upon the first request, clarifying the role of Kelvin and Arencibia regarding both the breach of contract and the fraud claims alleged by Lightnin. Neither Kelvin nor Arencibia responded to these requests for admissions or sought to have the admissions withdrawn.

On June 7, 2004, Lightnin filed its second motion for summary judgment and a statement of facts in support of its motion. Kelvin submitted an untimely opposition. On November 15, 2004, the District Court, 2004 WL 2601121, granted summary judgment for Lightnin on Kelvin's breach of contract claim against Lightnin, Lightnin's breach of contract claim against Kelvin, and on the issue of liability for Lightnin's fraud claim against Kelvin, denying Lightnin's quantum meruit claim as moot and reserving for trial the issue of damages on the fraud claim. The District Court adopted Lightnin's statement of facts in support of its motion for summary judgment, observing that Kelvin had failed to comply with the District Court's order to file an opposing statement of facts or face the consequence of the movant's facts being deemed admitted.[1] The District Court also noted Kelvin's persistent failure to abide by court orders and the Federal Rules of Civil Procedure, despite the District Court's explicit warnings.

After a bench trial lasting several days, the District Court issued its final judgment, awarding Lightnin damages in the amount of $177,115 against Kelvin and $100,100 against Arencibia. In an accompanying memorandum, the District Court rejected Arencibia's trial testimony that he did not act in bad faith, finding that testimony "lacking in any modicum of credibility." Supp. App. at 196. The District Court considered, and rejected, Arencibia's last-minute explanation that, as the result of an alleged defect in Lightnin's mixer, he feared for the safety of persons coming into contact with the Avecia mixer and five other mixers installed in manufacturing plants around the world, noting that Arencibia had failed to raise that issue before the damages phase of the trial and had failed to contact Avecia or any of the other companies about this problem over the preceding three years. Kelvin and Arencibia timely appealed.

## II.

The District Court had jurisdiction under 28 U.S.C. § 1332. We have jurisdic-

---

1. The District Court's scheduling order directed any party opposing a motion for summary judgment to file "a separate short concise statement, responding in numbered paragraphs to the moving party's statement of the material facts about which the opposing party contends there is a genuine dispute, with specific citations to the record...." App. at 32.

The District Court further stated that, in the case of a failure to file such a statement, "[a]ll factual assertions set forth in the moving party's statement shall be deemed admitted unless specifically denied by the opposing party in the manner set forth" in that order. App. at 32.

tion under 28 U.S.C. § 1291. The court exercises plenary review over a grant of summary judgment. *McGreevy v. Stroup*, 413 F.3d 359, 363 (3d Cir.2005).

## III.

Appellants argue that (1) the District Court erred by granting summary judgment to Lightnin on the basis of deemed admissions and Lightnin's statement of facts, without considering contrary facts argued by appellants or providing them an opportunity to prove their case; (2) the District Court erred or abused its discretion by denying Kelvin's motion to allow untimely answers to Lightnin's first request for admissions; and (3) the death of appellants' counsel's mother constituted excusable neglect. All of these arguments are interrelated and none of them are compelling.

■ As appellants recognize, the District Court granted summary judgment to Lightnin on the basis of deemed admissions not only from Lightnin's first request for admissions from Kelvin, but also from Lightnin's second set of requests for admissions and Lightnin's unopposed statement of facts on summary judgment. Thus, even if the District Court erred or abused its discretion in denying Kelvin's motion to accept that company's inexplicably late answers to Lightnin's first request for admissions, it did not err in deeming as admitted Lightnin's second set of requests for admissions, which appellants never answered or sought to have withdrawn, and Lightnin's statement of facts on summary judgment, which appellants did not contradict.

We have long recognized that deemed admissions "are sufficient to support orders of summary judgment." *Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 176 n. 7 (3d Cir.1990) (citing *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir.1976)). Light-

nin's second set of requests for admissions covered much of the same ground as the first request for admissions and clarified the role of Arencibia in Kelvin's conduct. Kelvin and Arencibia never responded to those requests for admissions. Thus, the second set of deemed admissions would support judgment against Kelvin and Arencibia even in the absence of the deemed admissions stemming from the first request for admissions.

We have also acknowledged rules "which require that a motion for summary judgment set forth a concise statement of the facts relied upon and that those facts will be accepted as true unless specifically contradicted in the response." *Id.* (citations omitted). Appellants do not contest that they failed to comply with the District Court's order to submit a statement of facts responding to Lightnin's motion for summary judgment; rather, they argue that the District Court failed to consider the contrary facts that they alleged. Thus, appellants do not appeal the District Court's treatment of Lightnin's unopposed statement of facts as deemed admissions, they only appeal the District Court's alleged failure to consider the facts that they alleged. However, the District Court explicitly stated that it considered the facts alleged in appellants' opposition brief and found the arguments relating to those facts "unpersuasive." App. at 35.

Moreover, appellants' contention that they were denied an opportunity to prove their case is belied by the existence of repeated orders directing appellants to submit their evidence and the District Court's willingness to consider their opposition to the motion for summary judgment notwithstanding its untimeliness. In fact, the factual arguments they emphasize on appeal were raised, considered, and rejected for the first time during the bench trial on damages. During that trial, appellants'

counsel "repeatedly maintained that [the appellants] were not contesting [the] factual findings [decided on summary judgment] for the purpose of the damages trial." Supp. App. at 174.

As for the deemed admissions stemming from the first request for admissions, "the court may permit withdrawal or amendment [of admissions] when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." Fed. R.Civ.P. 36(b). Here, Kelvin had ignored multiple court orders directing it to produce discovery, consistently missed filing deadlines, and failed to provide satisfactory justification for its repeated delays. In opposing Kelvin's motion to accept untimely answers to the request for admissions, Lightnin explicitly argued that it would be prejudiced by Kelvin's failure to produce discovery and that Kelvin failed to show how its answers would aid the presentation of the merits of the case. Under those circumstances, we cannot say that the District Court abused its discretion in denying Kelvin's motion to accept untimely answers to the request for admissions.

Finally, we reject appellants' contention that its late filings constituted excusable neglect as a result of the death of their counsel's mother. In a letter dated August 11, 2004, appellants notified the District Court of the August 5, 2004, death of counsel's mother. All of the late or unfiled submissions discussed in this opinion were due, or untimely filed, before July of 2004. Although we sympathize with counsel's loss, we are baffled as to how that circumstance excused appellants' serial tardiness for the year and a half preceding that event. Moreover, appellants provide no indication that they sought extensions of time that would have

enabled them to file timely responses to the motions and requests that led to the deemed admissions they now contest on appeal.

### IV.

For the above-stated reasons, we will affirm the District Court's judgment